[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Susan O. Storey, Defense Counsel, for Petitioner
John T. Redway, State's Attorney, for the State.
BY THE DIVISION
Petitioner was convicted of the crime of Robbery in the first degree in violation of Conn. Gen. Stat. 53a-134 (a)(4) after a plea of guilty. A sentence of seven years was imposed.
The facts underlying this offense indicate that on Christmas day, 1988, petitioner entered a convenience store in Clinton, informed the clerk "this is a stickup", while gesturing as if he had a weapon in his jacket pocket. When the clerk was unable to open the register, petitioner took the register itself and drove off with three other men. There was less than $115. in the register at the time.
Petitioner was on probation at the time of the offense.
It is the claim of petitioner that he was intoxicated at the time of the offense and that the crime was committed to get money for drugs.
At the hearing on this petition, the attorney for the petitioner sought a reduction stressing that the crime arose out of her client's long term alcohol and drug dependency. It was also stressed that this offense was a result of that dependency.
It was noted that petitioner has a long history of serious criminal activity. While it may be argued that these crimes arose out of petitioner's various addictions, there is nothing to indicate that he has taken any steps to cure his problem. At the time of sentencing, petitioner stated that he did not want treatment.
The plea in this case appears to have resulted from a plea bargain in which the court indicated a maximum sentence of seven years. At the time of sentencing, defense counsel indicated that this was a fair sentence.
After sentence was imposed on the robbery offense, a concurrent sentence was imposed on the violation of probation.
Although jurisdiction in this matter is questionable, the issue is CT Page 1078 not significant since the sentence should not be reduced. Considering all of the factors above noted, it cannot be found that the sentence imposed is unfair or inequitable.
Sentence Affirmed
Purtill, J. Barry, J. Norko, J.
Purtill, Jr., Barry, J. and Norko, J., participated in the decision.